**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. ____________** |
| **v.** | : | **DATE FILED: ______________** |
| **KHADIJA ROBINSON** | : | **VIOLATION:**<br>**18 U.S.C. § 1344 (bank fraud – 1 count)** |
| | : | **Notice of forfeiture** |

**INFORMATION**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. WSFS Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, certificate no. 17838.

2. R.R. maintained a checking account at WSFS Bank, and R.R. was the sole signatory on his WSFS Bank checking account.

3. Defendant KHADIJA ROBINSON, a resident of Philadelphia, Pennsylvania, was married to R.R.

4. Defendant KHADIJAH ROBINSON maintained a bank account with her adult daughter R.B. at Santander Bank.

5. R.R. fathered three now adult children, R.G.R., C.R., and P.R., prior to his relationship with and marriage to defendant KHADIJAH ROBINSON.

6. R.R. was infirm and did not have a will. On or about February 21, 2023, R.R. died intestate.

7. From in or about late 2022 to on or about February 7, 2023, in the Eastern District of Pennsylvania and elsewhere, defendant

**KHADIJAH ROBINSON**

knowingly executed, and attempted to execute, a scheme to defraud WSFS Bank and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

It was a part of the scheme that:

8. On or about January 27, 2023, defendant KHADIJAH ROBINSON signed R.R.'s name as payor on a $30,000 check drawn on R.R.'s WSFS Bank checking account and made payable to O.D., purportedly as payment for plumbing work. O.D., however, did not perform the plumbing work noted on the check, and the check was never given to O.D.

9. On or about January 30, 2023, defendant KHADIJAH ROBINSON deposited into her Santander bank account and converted to her own use the $30,000 check that she signed in R.R.'s name as payor, which was drawn on R.R.'s WSFS Bank checking account and made payable to O.D.

10. On or about January 31, 2023, defendant KHADIJAH ROBINSON signed R.R.'s name as the payor on a $35,000 check drawn on R.R.'s WSFS Bank checking account made payable to C.F., also known as "F.C.," purportedly as payment for electric work. C.F., however, did not perform the electric work noted on the check, and the check was never given to C.F.

11. On or about February 1, 2023, defendant KHADIJAH ROBINSON deposited into her Santander bank account and converted to her own use the $35,000 check that she signed in R.R.'s name as payor, which was drawn on R.R.'s WSFS Bank checking account and made payable to C.F.

12. On or about February 5, 2023, defendant KHADIJAH ROBINSON signed R.R.'s name as payor on a $50,000 check drawn on R.R.'s WSFS Bank checking account and made payable to L.B., purportedly as payment for home renovations. L.B., however, did not perform the home renovations work noted on the check, and the check was never given to L.B.

13. On or about February 7, 2023, defendant KHADIJAH ROBINSON deposited into her Santander bank account and converted to her own use the $50,000 check that she signed in R.R.'s name as payor, which was drawn on R.R.'s WSFS Bank checking account and made payable to L.B.

14. As a result of defendant KHADIJAH ROBINSON's false and fraudulent pretenses and representations, as articulated in paragraphs 8 through 13 of this indictment, defendant ROBINSON fraudulently received approximately $115,000 that had been under the care, custody, and control of WSFS Bank.

All in of violation of Title 18, United States Code, Section 1344.

# NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1344, set forth in this information, defendant

**KHADIJAH ROBINSON**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violation, including, but not limited to, the sum of $115,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States, Section 982.

Christine E. Sykes for

**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

KHADIJA ROBINSON

INFORMATION

18 U.S.C. § 1344 (bank fraud – 1 count)

A true bill.

_______________________________________
Foreperson

Filed in open court this ______________________________day,
Of ______________________A.D. 20____________

_______________________________________________________
Foreperson

Bail, $________________